**Amen and Rose WARDY, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 24688.

United States Court of Appeals
Fifth Circuit.

June 11, 1968.

Rehearing En Banc Denied
July 26, 1968.

Towner Leeper, El Paso, Tex., for petitioners.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, William A. Friedlander, Frank X. Grossi, Jr., Harry Marselli, Attys., Dept. of Justice, Lester R. Uretz, Chief Counsel, I. R. S., Eugene F. Colella, Atty., I. R. S., Washington, D. C., for respondent.

Before COLEMAN and GODBOLD, Circuit Judges, and RUBIN, District Judge.

PER CURIAM:

It would be supererogatory to repeat the principles so recently and lucidly set forth in Webb v. Commissioner of Internal Revenue, 5 Cir., 1968, 394 F.2d 366. They dispose of virtually all of the issues raised by the appellants.

The Commissioner of Internal Revenue assessed deficiencies in income taxes for the years 1957, 1958, and 1959 against the appellants, together with civil fraud penalties under Section 6653(b), Internal Revenue Code of 1954. Because the taxpayers' records were incomplete and inaccurate, the Commissioner used the net worth method. The Tax Court reviewed the evidence in detail in its findings of fact and opinion. It concluded that the Commissioner was justified in using the net worth method. After a thorough review of the evidence it made changes in some of the net worth items, and determined the deficiencies. It also found clear and convincing evidence of fraud in the taxpayers' consistent misstatement of income in substantial amounts over a period of years, in their omission of specific substantial items of income, and in their consistent understatement of sales made in their business, as well as in their failure to report a portion of their dividend income. It considered and rejected the explanation that the understatements of income resulted from a bookkeeper's ineptness.

■ The evidence therefore clearly supports the conclusion of the Tax Court that the Commissioner properly employed the net worth method. See, in addition to *Webb*, supra; Holland v. United States, 1954, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150; United States v. Massei, 1958, 355 U.S. 595, 78 S.Ct. 495, 2 L.Ed. 2d 517; Goldberg v. Commissioner of Internal Revenue, 5 Cir., 1956, 239 F.2d 316; Cefalu v. Commissioner of Internal Revenue, 5 Cir., 1960, 276 F.2d 122.

■ The Tax Court's findings will not be set aside unless they are clearly erroneous. But we find no error in them. They are instead fully supported by the evidence.

■ The legal issues raised by appellants relate to burden of proof. *Webb* also sets forth the principles relative to the burden of proof with respect both to tax deficiencies and penalties for civil tax fraud. The standards expounded there were fully met here, and the Tax Court was justified in finding that the taxpayers' intent to defraud the Government was proved, as to at least some part of the deficiency, by clear and convincing evidence.

■ The taxpayers complain that the Tax Court improperly imposed on them the burden of disproving additional deficiencies charged by the Commissioner in an amended answer filed in the Tax Court subsequent to trial. See United Aniline Co. v. Commissioner of Internal Revenue, 1 Cir., 1963, 316 F.2d 701, 704. But no such burden was imposed on them, for the Tax Court found these deficiencies supported by a preponderance of the evidence after carefully analyzing and sifting it. Fraud having been found, the three-year statute of limitations did not apply, and the tax was timely assessed. Section 6501(c) (1), Internal Revenue Code of 1954.

The judgment is therefore

Affirmed.

## ON PETITION FOR REHEARING EN BANC

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25(a), subpar. (b), the Petition for Rehearing En Banc is denied.